UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | )  | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 22-cr-10123-WGY |
| | ) | |
| JIALI WANG | ) | |
| Defendant | ) | **HEARING REQUESTED** |
| | ) | |

**EMERGENCY MOTION TO REMAND DEFENDANT BACK TO SUPERVISED RELEASE OR ALTERNATIVELY ORDER IMMEDIATE REMOVAL UNDER 8 U.S.C. § 1228**

On April 4, 2023, defendant Jiali Wang, was arrested by ICE agents in his home while serving the supervised release portion of his sentence and actively cooperating with the United States Attorney's Office ("USAO") to satisfy the forfeiture order in this case. *See* Dkt. 125. Mr. Wang's arrest was arbitrary, unanticipated, unrequested by any party or probation, and unnecessary. It undermines this Honorable Court's sentence and frustrates Mr. Wang's work with the USAO's forfeiture unit to satisfy any outstanding amounts prior to the conclusion of his sentence.

The defense respectfully requests that this Honorable Court hold an emergency hearing via Zoom[1] and to order that Mr. Wang be remanded back to supervised release in order to complete the sentence ordered by the Court (and agreed to by the Government as well as defense pursuant to the provisions of Fed. R. Crim. P. 11(c)(1)(C), or alternatively, order Mr. Wang's immediate removal from the country pursuant to 8 U.S.C. § 1228 with the further condition that Mr. Wang's removal be expedited in order to avoid the potential of his being further detained for

---

[1] The defense respectfully requests this Honorable Court to schedule a Zoom hearing to accommodate AUSA Drabick who is on parental leave.

1

many weeks and even months as ICE processes an ordinary non-judicially ordered removal. The defense would further request that this Honorable Court order or recommend, as a condition of removal or supervised release, that Mr. Wang be required to purchase his own plane ticket out of the United States to expedite the removal process. Mr. Wang has authorized counsel to purchase a ticket out of the United States for any day this Honorable Court may permit ICE or FBI agents to take Mr. Wang to the airport so that he can depart the United States.

Mr. Wang is currently in ICE custody at the Wyatt Detention Center. He was placed on a mandatory two-week quarantine, *i.e.,* solitary confinement.[2]  Based on discussions with his immigration attorney, Douglas Hauer, he will be detained, absent court intervention, for a significant period longer than the end of his sentence while he goes through the ICE removal process.[3] *See* Dkt. 125.  Mr. Wang is not a flight risk or a danger to anyone. Mr. Wang was already scheduled to voluntarily depart the United States immediately upon the conclusion of supervised release. His detention by ICE serves no purpose. Instead, it undermines this Honorable Court's sentence, the Partys' Plea Agreement, and frustrates Mr. Wang's ability to cooperate in the forfeiture process. Effectively, ICE's actions – have undone what the defense and a separate the arm of the government – the USAO – agreed to and what this Honorable Court ordered. The arbitrariness of the unanticipated arrest conflicts with the ongoing discussions between counsel for Mr. Wang and Mr. Drabick wherein Mr. Drabick had agreed to request that the FBI escort Mr. Wang to Logan Airport to ensure that Mr. Wang board a flight out of the

---

[2] There was no benefit to arresting and placing Mr. Wang into solitary confinement to minimize the risk of him contracting COVID-19 when he was, prior to his arrest, bound to his home for 22 hours per day. Rather, Mr. Wang's incarceration increased his risk of contracting COVID-19 and any other potential illness.

[3] The removal and departure process, if allowed to continue through ICE, could take many months and up to a year depending on availability of resources. *See* Letter of Douglas Hauer, attached hereto.

United States upon the completion of his supervised release – a proposal that remains available if ICE was to reconsider its decision to arrest Mr. Wang or if the Court was to Order his release in order to effectuate its judgment and commitment.

## I. BACKGROUND

Mr. Wang was initially arrested on October 14, 2019, and admitted to bail on January 21, 2020, *see* Dkt. 45. Mr. Wang has been fully compliant with his conditions of pretrial release. On August 5, 2022, Mr. Wang entered a plea of guilty to an Information charging him with single violation of 18 U.S.C. § 1349. Dkt. 109. Consistent with the terms of the plea agreement, on November 30, 2022, this Honorable Court sentenced Mr. Wang to time served followed by nine months of supervised release during which Mr. Wang was to be subject to home confinement. Dkt. 124. Pursuant to this Honorable Court's Judgment, Mr. Wang's period of supervised release started on August 8, 2022, and is scheduled to terminate on May 8, 2023. Dkt. 125.

Mr. Wang was scheduled to voluntarily depart the United States on May 8, 2023, *i.e.,* at the conclusion of supervised release. The USAO has not requested that Mr. Wang be placed into ICE custody and was supportive of a proposal where the FBI would escort Mr. Wang to the airport at the conclusion of his sentence and verify that he was on a plane that would be leaving the United States. In the interim, Mr. Wang has been actively cooperating with the USAO to satisfy this Honorable Court's $7.75 million dollar forfeiture order. *See* Dkt. 132, 135, and 143. On April 4. 2023, Mr. Wang was arrested by ICE agents in his home. The USAO (and Probation) were not advised in advance of ICE's intention to arrest Mr. Wang and the USAO did not anticipate or have any knowledge that any ICE arrest would occur prior to the termination of supervised release.

**II. ARGUMENT**

Mr. Wang's arrest by ICE will prevent him from finishing the sentence this Honorable Court imposed and the Parties' agreed to, undermines the purposes of supervised release, and requires him to be incarcerated for no lawful or legitimate reason.

This Honorable Court's sentence already punished Mr. Wang for his conduct. He spent 102 days in prison prior to being admitted to bail. For his conduct, this Honorable Court sentenced Mr. Wang to time-served followed by nine months of supervised release. "[T]he goal of supervised release is primarily to prevent recidivism and foster the offender's re-entry into society; not to punish." *United States v. Jones*, 798 F.3d 613, 619 (7th Cir. 2015). Consistent with these goals, Mr. Wang spent the last eight months meeting his obligation to this Honorable Court and the United States government by actively cooperating with the USAO's forfeiture unit to satisfy his monetary obligations. Mr. Wang did not enter the country illegally, instead he is subject to deportation because of his conviction in this case. The fact that Mr. Wang would need to leave the United States at the conclusion of his sentence was not a surprise. Indeed, Mr. Wang was already scheduled to voluntarily depart the United States at the conclusion of his sentence on May 8, 2023. The USAO was even supportive of a proposal where the FBI would escort Mr. Wang to the airport and verify his departure from the United States. There was no risk that Mr. Wang would flee, would be a danger to anyone, or would fail to leave the country at the conclusion of his sentence that would require further incarceration.

Mr. Wang's current and continued incarceration is simply unnecessary and unwarranted. It prevents Mr. Wang from completing this Honorable Court's sentence and hinders his cooperation with the USAO's forfeiture unit. It would also require Mr. Wang to be incarcerated for the duration of ICE removal and departure proceedings, which based on discussions with

Attorney Hauer could take up to a year. Allowing ICE to continue to detain Mr. Wang would significantly expand his period of incarceration and undermine this Honorable Court's sentence and the Party's agreement. Accordingly, the defense respectfully requests this Honorable Court to remand Mr. Wang back to supervised release so that he can conclude his sentence on May 8, 2023, and voluntarily depart the United States.

    Alternatively, the defense respectfully requests this Honorable Court to order Mr. Wang's immediate removal pursuant to 8 U.S.C. § 1228 with the condition that the removal be expedited to effectuate the order of the Court.  The defense further requests that the Court recommend that Mr. Wang be required to purchase a plane ticket out of the United States and be turned over to the FBI at the earliest date the FBI would be available to escort Mr. Wang to the airport and ensure that Mr. Wang boards a flight out of the United States.  8 U.S.C. § 1228 allows this Honorable Court "to enter a judicial order of removal at the time of sentencing against an alien who is deportable…" Such order could be incorporated into Mr. Wang's conditions of supervised release pursuant to Fed. R. Crim. P. 32.1 and 8 U.S.C. § 1228(c)(5) and would be consistent with current conditions requiring Mr. Wang to "leave the United States" if he is "ordered deported." Dkt. 125 at 5. While most defendant challenge expedited removal to remain within the United States, such order, based on discussions with Attorney Hauer, would expedite the removal process and ensure that Mr. Wang is released from ICE custody and is able to return home imminently rather than wait many months or a year to achieve the same result.  The defense would also request that this Honorable Court allow the period of supervised release to continue to run following the execution of such removal order so that Mr. Wang concludes his sentence on May 8, 2023. Otherwise, Mr. Wang's removal from the country could potentially

toll his period of supervised release in perpetuity. *See United States v. Hernandez-Ferrer*, 599 F.3d 63, 67 (1st Cir. 2010).

### III.   CONCLUSION

For all of the foregoing reasons, the defense respectfully requests this Honorable Court to hold an emergency hearing via Zoom and to remand Mr. Wang back to supervised release, or alternatively, to order Mr. Wang's immediate and expedited removal from the United States pursuant to 8 U.S.C. § 1228.

### COMPLIANCE WITH LOCAL RULE 7.1(a)(2)

The Government, by and through AUSA James Drabick, assents to the Court's issuance of a removal order by this Honorable Court and has no objection to a request from the Court that the removal be completed as expeditiously as possible consistent with ICE protocols.  The Government does not assent to the Court ordering Mr. Wang to be released from custody and then to be voluntarily removed believing that the statutory authority does not authorize such an Order.

> Respectfully Submitted,
> Jiali Wang
> By His Attorneys,
>
> **/s/ Martin G. Weinberg**
> Martin G. Weinberg
> Mass. Bar No. 519480
> 20 Park Plaza, Suite 1000
> Boston, MA 02116
> (617) 227-3700
> owlmgw@att.net

Dated: April 6, 2023

## CERTIFICATE OF SERVICE

  I, Martin G. Weinberg, hereby certify that on this date, April 6, 2023, a copy of the foregoing documents has been served via Electronic Court Filing system on all registered participants.

                **/s/ Martin G. Weinberg**
                Martin G. Weinberg